**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| TODD COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>IAFF LOCAL 64, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-cv-2135-JAR-TJJ |

**REPORT AND RECOMMENDATION**

**NOTICE**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**REPORT AND PROPOSED FINDINGS**

Plaintiff commenced this action *pro se* on March 23, 2018 by filing a Complaint alleging violation of his Fifth Amendment rights, fraud and misrepresentation, and intentional infliction of emotional distress against the Unified Government of Wyandotte County, Kansas City Kansas Fire Department, International Association of Firefighters Local 64, Robert Wing, Blake & Uhlig, P.A., and Scott Brown.[1] This action stems from the termination of Plaintiff's employment

[1] Complaint, ECF No. 1.

and subsequent investigation.[2] This matter comes before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.

Based on the information contained in his Affidavit of Financial Status (ECF No. 3), Plaintiff has not shown a financial inability to pay the required filing fee. Plaintiff and his spouse are currently employed, and they own two vehicles and a house. In addition, Plaintiff states he has $3,241.86 cash on hand.

Although he has monthly household expenses and other debts that meet or slightly exceed his household income, the Court determines Plaintiff has sufficient assets to pay the filing fee.

The Tenth Circuit in *Lister v. Department of the Treasury*[3] has held that magistrate judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is considered dispositive. Under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding Plaintiff's motion.

---

[2] *Id.* at 4-12.

[3] No. 04-5087, 2005 WL 1231928, at *2 (10th Cir. May 25, 2005).

**RECOMMENDATION**

Based upon the above findings, it is hereby recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied. Plaintiff should be ordered to prepay the full filing fee of $400 within 30 days in order for this action to proceed and cautioned that failure to pay the filing fee by that time will result in the dismissal of this action without prejudice.

Respectfully submitted.

Dated in Kansas City, Kansas this 5th day of April, 2018.

Teresa J. James
U. S. Magistrate Judge